IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TED LLOYD,
    Plaintiff,

vs.                                    Case No. 5:12cv30/MP/CJK

OFFICER ANDREWS,
    Defendant.
_____

REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). Upon review of the complaint, the Court concludes that this case should be transferred to the Middle District based on venue considerations.

    Plaintiff is currently incarcerated at Calhoun Correctional Institution in Blountstown, Florida. Plaintiff was confined at the Reception and Medical Center ("RMC") in Lake Butler, Florida at the time of the events giving rise to his complaint. Plaintiff's complaint names one defendant: Officer Andrews, a correctional officer at RMC in Lake Butler. Plaintiff claims defendant Andrews subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment, when Andrews assaulted plaintiff on September 14, 2011. As relief, plaintiff seeks damages and injunctive relief. (Doc. 1).

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id*. Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Fla., Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14.

The acts or occurrences forming the basis of the complaint in this case occurred in Union County, Florida, which is located in the Middle District. Similarly, the defendant is located in Union County, as are the witnesses to the incident. Thus, attendance of witnesses and availability of sources of proof favor a transfer there. Moreover, this community appears to have no relation to the litigation at issue.

Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district.  Thus, in the interest of justice, this action should be transferred to the Middle District.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be TRANSFERRED to the United States District Court for the Middle District of Florida.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 16th day of February, 2012.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).